**Nasir Ali KHAN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 07–1337.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 2, 2008.

Opinion filed: April 9, 2008.

---

Anser Ahmad, Harrisburg, PA, for Petitioner.

John D. Williams, Paul F. Stone, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, NYGAARD and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Nasir Ali Khan, a native and citizen of Pakistan, petitions for review of a final order of the Board of Immigration Appeals ("BIA"). For the following reasons, we will grant in part and deny in part the petition for review.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984,

I.

Khan entered the United States in May 1999 and overstayed his visa. On March 13, 2003, he was issued a notice to appear for this reason, and on June 3, 2003, conceded his removability. On December 2, 2003, Khan applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"),[1] claiming that he had been persecuted due to his membership in and activities on behalf of the Pakistan People's Party ("PPP") when, in January 1999, he was arrested, detained, and beaten by the police, who were loyal to the ruling party, the Muslim League. He also asserted that he would be in danger if he returned to Pakistan because the Muslim League remained in power. Finally, he claimed that due to his ties to the PPP, it was more likely than not that he would be tortured if he returned to Pakistan. In support of his claims, he submitted a PPP membership card dated June 20, 1999, a recent letter from the PPP's Student Federation verifying his party membership, and several articles and reports providing background information about Pakistan.

On May 4, 2005, the Immigration Judge ("IJ") denied Khan's asylum application as untimely pursuant to 8 U.S.C. § 1158(a)(2)(B). The IJ also found that Khan was not credible and denied his applications for withholding of removal and relief under the CAT. Finally, the IJ concluded that Khan's application was frivolous and denied his request for voluntary removal. The BIA affirmed the IJ's decision, except for the frivolousness finding, which it reversed.

Khan, through counsel, filed a timely petition for review. The government opposes the petition.

1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

## II.

■ The government argues that we lack jurisdiction to consider Khan's claim that the IJ improperly denied his asylum claim as untimely, as well as his argument that the statute of limitation should have been tolled due to extraordinary or changed circumstances in Pakistan. We agree. Under the Immigration and Nationality Act ("INA"), "[n]o court shall have jurisdiction to review any determination of the Attorney General" that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). Section 1158(a)(3) thus deprives us of jurisdiction to review a determination "that an asylum petition was not filed within the one-year limitations period, and that such period was not tolled by extraordinary circumstances." *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). Although the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D), restored judicial review of constitutional claims and questions of law presented in petitions for review, Khan presents no such claims. *See Jarbough v. Attorney Gen. of the United States*, 483 F.3d 184, 188 (3d Cir.2007). Accordingly, we lack jurisdiction to the extent that Khan seeks review of the denial of his asylum application.

We do, however, have jurisdiction over Khan's challenge to the denial of withholding of removal and relief under the CAT. *See Tarrawally*, 338 F.3d at 185–86. We review these determinations under the substantial evidence standard, and will uphold the decisions "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d

463, 471 (3d Cir.2003) (internal citations omitted).

In dismissing Khan's appeal, the BIA held that the IJ's adverse credibility determination was not clearly erroneous as it was supported by specific and cogent reasons. *See Dia v. Ashcroft*, 353 F.3d 228, 250 (3d Cir.2003). In support of this finding, the BIA noted the inconsistencies in Khan's documentation (including the PPP membership card dated after his departure and the suspect letter from the Student Federation stating that he was a member of the PPP even though he was not a student) and omissions in his testimony, such as his inability to provide basic information about the PPP.

■ After a thorough review of Khan's appellate brief and documents, it appears that, as the government argues, he has not challenged the adverse credibility finding. Rather, he argues that the police beating and detention he allegedly he suffered due to his PPP membership rose to the level of persecution, and that the conditions in Pakistan are such that he has a well-founded fear of future persecution. As to his CAT claim, he asserts that he demonstrated that the Pakistani police tortured him, and that given his ties to the PPP, it is more likely than not that he will be tortured if he returns. He does not, however, contend that the adverse credibility finding was in error. Accordingly, because Khan did not present to us the adverse credibility finding as an issue for review, he has waived it.[2] *See generally Kost v. Kozakiewicz*, 1 F.3d 176, 182–83 (3d Cir.1993).

---

2. Even had Khan raised the adverse credibility issue, we would have found that it was supported by substantial evidence in the record. *See Zubeda*, 333 F.3d at 471. Khan's claims were based on alleged persecution due to his activities in support of the PPP as its propaganda secretary. However, as described above, his claim was marred by several inconsistencies and omissions that are directly related to his claim of persecution, and as such provide an adequate basis for the adverse credibility determination. *See Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir. 2004); *Chukwu v. Attorney Gen. of the United States*, 484 F.3d 185, 189 (3d Cir.2007).

The failure to appeal this issue is fatal to Khan's challenge to the denial of withholding of removal and relief under the CAT. Khan's inability to demonstrate a well-founded fear of persecution necessary for a grant of asylum due to the adverse credibility determination necessarily precluded success on his application for withholding of removal. *See Zubeda,* 333 F.3d at 469. And although a CAT claim is not automatically condemned by a related, unsuccessful asylum claim or adverse credibility ruling, an applicant's "credibility, by itself, may satisfy his burden or doom his claim as to both withholding of removal and protection under the [CAT]." *Muhanna v. Gonzales,* 399 F.3d 582, 589 (3d Cir.2005) (internal citation omitted). Here, because Khan's CAT claim was based on the same factual predicate as his asylum and withholding claims, and considering the adverse credibility finding along with the remaining record, we conclude that substantial evidence supports a conclusion that Khan is not likely to face torture if removed to Pakistan. *See Zubeda,* 333 F.3d at 471. Therefore, the BIA's dismissal of his appeal must stand.

Finally, in light of its decision to reverse the IJ's frivolousness finding, we will remand to the BIA the issue of whether Khan's request for voluntary departure should be granted. The government correctly argues that we do not have jurisdiction over an appeal from a denial of a request for voluntary departure. *See* 8 U.S.C. § 1229c(f). However, the BIA did not deny Khan's request for voluntary departure; it made no finding as to his request whatsoever. Accordingly, we will remand so that the BIA can consider whether voluntary departure is warranted.

For these reasons, and after careful consideration of the record and the parties' contentions, we will grant in part and deny in part Khan's petition for review.